**PPV CONNECTION, INC., Plaintiff,**

v.

**Hector RODRIGUEZ, et al., Defendants.**

**Civil No. 08–1046 (FAB).**

United States District Court, D. Puerto Rico.

April 20, 2009.

Fernando J. Gierbolini–Gonzalez, Gierbolini Law Office, San Juan, PR, for Plaintiff.

Jose Masas–Rivera, Caguas, PR, Pro se.

Mireya Baltazar–Suazo, Abogados de America Law Offices, Barceloneta, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On January 11, 2008, plaintiff PPV Connection, Inc. ("PPVC" or "Plaintiff") filed an amended complaint against numerous defendants for violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 533 and 605 (Docket No. 1). On March 14, 2008, defendants Hector Rivera–Rosario and the Rivera–Doe conjugal partnership d/b/a "La Carcel" ("Mr. Rivera," "Defendants," or "movants") moved to dismiss the complaint citing four grounds for dismissal: (1) failure to state a claim under 47 U.S.C. § 605 because relief under that section is not available to Plaintiff; (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (3) improper joinder of defendants; and (4) failure to join an indispensable party (Docket No. 7). On April 15, 2008, Plaintiff opposed the motion

to dismiss (Docket No. 27) and filed an amended complaint (Docket No. 28). On April 15, 2009, following a series of default entries, voluntary dismissals, and orders of default judgments, the only remaining defendants are the movants of the above-mentioned motion to dismiss.[1] The Court now applies Mr. Rivera's motion to dismiss to the amended complaint, and, for the following reasons, **DENIES** that motion.

## FACTUAL BACKGROUND

Plaintiff PPV Connection, Inc. ("PPVC") is a corporation licensed to distribute pay-per-view programming to commercial establishments. PPVC essentially alleges that the defendant stole, through illegal interception or receipt, the transmission of a boxing match to which he was not entitled.

PPVC contends that it entered into a contract dated August 22, 2007 with the sole owner of the Event's copyright,[2] PR Best Boxing Promotions, Inc. ("PR Best") granting PPVC an exclusive license to distribute the closed-circuit telecast of an August 25, 2007 boxing match between Ivan Calderon and Hugo Cazares ("Event"), held live at the Coliseo Ruben Rodriguez in Bayamon, Puerto Rico. PPVC sold the right to view the Event's closed circuit broadcast for commercial gain, making the Event available for exhibition only by authorizing its transmission though contractual agreements with business establishments in Puerto Rico in exchange for a fee. To prevent the unauthorized broadcast of the Event, PPVC electronically coded or scrambled the Event's transmission, requiring a decoding process and proper decoding equipment for receipt and clear viewing. Only those establishments under contract with and paying an agreed upon fee to PPVC were provided with the decoding capabilities and/or satellite coordinates necessary to transmit the event. PPVC claims that the defendants nevertheless did in fact receive and transmit the Event without an appropriate contractual authorization or fee payment, enabling patrons within the defendant's establishment(s) to view the Event without proper entitlement and, as such, violating PPVC's rights and federal law.

## DISCUSSION

### A. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007)). To avoid dismissal, the complaint must contain factual allegations that "raise a right to relief above the speculative level," or in other words, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible."[3] *Twombly,* 127 S.Ct. at 1965, 1974.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belen-*

---

**1.** See the *April 15, 2009 Scheduling Order,* Docket No. 42, in which this Court determined that "The only remaining defendants in this case are Hector Rivera–Rosario and the Rivera–Doe 12 conjugal partnership d/b/a 'La Carcel' (represented by Mireya Baltazar–Suazo)."

**2.** Plaintiff claims included the undercard or preliminary bouts related to the Event. (Docket No. 28 at 3)

**3.** Notably, the U.S. Supreme Court "disavowed the oft-quoted language of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in relief of his claim which would entitle him to relief.'" *Margo Caribe, Inc.,* 490 F.3d at 95–96 (citing *Twombly,* 127 S.Ct. at 1969).

*dez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## B. RELIEF UNDER 47 U.S.C. §§ 533 and 605

Mr. Rivera argues that PPVC has failed to state a claim for which relief can be granted under Rule 12(b)(6). He argues that the Court should dismiss the plaintiff's section 533 and section 605 causes of action for two reasons: (1) pursuant to a holding by the First Circuit Court of Appeals, to which this district is bound, section 605 does not provide relief for the "the theft of radio signals transmitted over a cable network" (Docket No. 7 at 4); and (2) the facts alleged by the plaintiff are insufficient to sustain a cause of action under either section 605 or section 553 under Rule 12(b)(6).

Section 605 provides that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). The defendant contends that the First Circuit Court of Appeals issued an opinion invalidating "the use of § 605 to redress the theft of radio signals transmitted over a cable network." *Charter Communications Entertainment I, DST v. Burdulis,* 460 F.3d 168 (1st Cir.2006) (Docket No. 7 at 4). Unfortunately, defendant merely cites the case for the preposition he claims it to stand for, but offers no helpful guidance in the form of a legal or factual analysis regarding the applicability of that case's holding to the issues now before this Court. PPVC takes the opposite approach, delving into the factual scenario presented to the First Circuit Court of Appeals in the *Charter* case cited by the defendant, and then into the legal analysis conducted in the resolution of that case. This Court agrees with PPVC's contention that the defendant "misinterprets the *Charter* decision and its application to the facts surrounding the case" . . . and disregards "important aspects included in the *Charter* decision which, when applied in our case, cannot support the dismissal of PPVC's section 605 claims." (Docket No. 27 at 6.)

Prior to *Charter,* there was a split among the courts of appeal regarding the appropriate applicability of section 605. *Compare International Cablevision, Inc. v. Sykes,* 75 F.3d 123, 133 (2d Cir.1996) (concluding that unauthorized interception of cable transmissions violates both section 553 and section 605), *with U.S. v. Norris,* 88 F.3d 462, 469 (7th Cir.1996) (holding that theft of cable services does not violate section 605), and *TKR Cable Co. v. Cable City Corp.,* 267 F.3d 196, 197 (3d Cir.2001) (same). District courts in this circuit are also split. *Compare Century ML–Cable Corp. v. Diaz,* 39 F.Supp.2d 121, 123–24 (D.P.R.1999) (stating that both section 553 and section 605 prohibit the sale of illegal cable theft devices), and *United States v. Beale,* 681 F.Supp. 74 (D.Me.1988) (same), *with Kingvision Pay–Per–View, Ltd. v. Rocca,* 181 F.Supp.2d 29 (D.N.H.2002)

(concluding that section 605 does not encompass cable theft), and *TCI Cablevision of New Eng. v. Pier House Inn, Inc.*, 930 F.Supp. 727, 734 (D.R.I.1996) (same).

The First Circuit Court of Appeals's holding in *Charter* resolved the controversy among the district courts sitting in the First Circuit, concluding that section 605 was intended to apply only to the interception of radio and does not apply to the theft of cable services: "[t]he change in form of transmission of the communication, from an airborne signal to a signal traveling over a cable wire, changes the applicability of the statute; when the communication is stolen as it is being transmitted over a cable wire, § 553, not § 605, applies." *Charter*, 460 F.3d at 173 (quoting from the district court's order on the same case, internal citation omitted).

 PPVC claims that the factual scenario in *Charter* can be distinguished from the facts of this case. In *Charter*, a cable television operator brought claims against various buyers of allegedly unauthorized cable descrambling devices who participated in the allegedly unauthorized reception of cable programming. In that case, "the fact that the transmissions were intercepted as they were transmitted via cable, not radio, is dispositive." *Id.* at 168. PPVC points out that it is not a cable company receiving most of its programming from radio signals sent via satellite and then retransmitting those signals to customers via cable or wire; PPVC claims to be a licensed distributor to commercial establishments of pay-per-view programming sending its programs to its commercial buyers via cable wire or direct satellite. According to PPVC, "The distinction is important because it establishes a fundamental difference between plaintiff in *Charter* and PPVC: while *Charter* could never seek relief under section 605 because it retransmits radio signals over its cable network, PPVC can seek relief under

such section 605 because the pay-per-view programming it is licensed to distribute can be transmitted over radio or satellite." (Docket No. 27 at 7)

The Court agrees, but only just. While it is true that the *Charter* ruling preserves protection under section 605 for thefts of cable service taking the form of radio/satellite communications, "the evidence is overwhelming that Congress intended § 553 to address the serious, widespread problem of cable piracy, not a microscopically small range of conduct." *Charter*, 460 F.3d at 176, 177 (internal citations omitted). PPVC's amended complaint seems to state both that the defendants obtained illegal transmissions of the Event "through a cable system" (as alleged in PPVC's first claim under section 553) and that the defendants obtained illegal transmissions of the Event "through a radio or satellite system" (as alleged in PPVC's second claim under section 605). It seems odd to this Court that the manner of the Event's transmission could simultaneously fit the requirement both of section 553 and of section 605. Should the evidence later show that the theft alleged by PPVC was a theft of radio or satellite signals transmitted over a cable network, PPVC would not prevail in its claim under section 605. Whether the factual allegations can be proven by evidence, however, does not concern the Court at this stage of the proceedings. (As previously explained, when resolving a motion to dismiss, the Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor.) Insofar as PPVC has alleged that the defendant illegally intercepted a radio or satellite transmission, its claim pursuant to section 605 stands.

Mr. Rivera also argues that the plaintiff's complaint lacks sufficient factual grounds to satisfy threshold requirements

on which a claim for relief may be stated. Mr. Rivera does nothing to show that PPVC has failed to state its claim properly under the cited statutes. In making this argument, the defendant merely articulates a theory of defense—that he was in fact authorized to receive the Event by a local satellite television provider, Direct TV. (Docket No. 7 at 6) Mr. Rivera further argues that he never intended to intercept any communication or use any unauthorized equipment, and that the plaintiff's claim "must fail" because plaintiff has "no evidence" of such a violation. *Id.* at 7.[4]

The Court agrees with the plaintiff that Mr. Rivera's approach "clearly intends to bring matters outside the pleadings and, in fact, addresses PPVC's allegations and attempts to dispute them with evidence." (Docket No. 27 at 10) The Court also agrees with the plaintiff that such an approach is inappropriate at the dismissal stage and does nothing to show that the claim was improperly stated or raised. As the plaintiff put it, "if anything, Rivera–Rosario has established the existence of a factual controversy which must be resolved through the presentation of evidence at trial." *Id.*

PPVC's amended complaint is sufficiently well-pled to pass Rule 12(b)(6) muster. Viewing the facts in the light most favorable to the plaintiff, the amended complaint sufficiently lays out a cause of action under both section 553 and section 605. The complaint's factual allegations set forth a plausible entitlement to relief under the statutes. Having no other argument to consider from the defendant save his contention that PPVC will not be able to prove its claims, the Court **DENIES** Mr. Rivera's motion to dismiss for failure to state a claim under Rule 12(b)(6).

## C. JOINDER UNDER RULE 21

Mr. Rivera argues that the defendants in this case were improperly joined under Rules 20 and 21. This basis for dismissal is now moot because the only remaining defendants in this case are the movants in the instant dismissal motion.

## D. FAILURE TO JOIN AN INDISPENSABLE PARTY

Mr. Rivera next argues under Rule 12(b)(7) that PPVC's claim must be dismissed for failing to join an indispensable party. FED.R.CIV.P. 12(b)(7). Rule 19 governs the appropriate joinder of parties, setting forth a two-step analytical process for determining when joinder of a party is required. *See Pujol v. Shearson/AMEX, Inc.*, 877 F.2d 132, 134 (1st Cir.1989). The first step requires the court to determine whether a party is necessary. Fed. R.Civ.P. 19(a); *see also Pujol*, 877 F.2d at 134. A party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or complete relief cannot be accorded among those already parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, mul-

---

4. Mr. Rivera seems also to argue that because PPVC did not state the time and place "upon which it can be inferred that financial gain was obtained" the claim should fail as conclusory. (Docket No. 7 at 8) The Court believes that the time and place were clearly specified (the time and place of the Event allegedly stolen) and, thus, that the corresponding inference of financial gain is obvious—a business establishment obtaining illegal transmission of a popular sporting event, such as the one in question, may then show that transmission to customers of the establishment for commercial and financial gain, as alleged by PPVC.

tiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a). If the party is necessary but joinder remains infeasible, the court proceeds to the second step to consider whether the party is indispensable. FED.R.CIV.P. 19(b); *see also Pujol*, 877 F.2d at 134.

■ Mr. Rivera believes that complete relief cannot be afforded to PPVC or to himself without joining two parties: Direct TV and P.R. Best Boxing Promotions. The defendant contends that he was authorized by contract with Direct TV to receive the Event transmission and, as such, "in breach of contract actions, all parties necessary to the contract are necessary ones." (Docket No. 7 at 10) Whether Mr. Rivera's contract with Direct TV, assuming any contract existed, is not relevant to the case before this Court. The Court has learned of nothing to indicate that Direct TV has any interest rendering it a necessary party under Rule 19(a). *See United States v. San Juan Bay Marina*, 239 F.3d 400, 406 (1st Cir.2001) (deeming interest insufficient, and consequently party unnecessary, where party claimed wholly contingent interest).

PPVC is correct in stating that Mr. Rivera again appears to invoke a defense theory instead of a ground for dismissal when he argues that a contract with another company lawfully gave him the right to receive and transmit the Event. Mr. Rivera may more appropriately wish to bring in Direct TV as a third-party defendant if he so chooses; no relief is disrupted, however, by Direct TV's absence in the instant claim. Direct TV is therefore not a necessary party.

P.R. Best Boxing Promotions granted PPVC the exclusive right to distribute the Event to business establishments in Puerto Rico. Mr. Rivera claims that PR Best, as the sole proprietary owner of the copyright over the boxing match in question, must be joined with PPVC in order for complete relief to be granted and "avoid inconsistent judgments." (Docket No. 7 at 11) There is no indication whatsoever that PR Best has suffered damages requiring compensation through litigation. Discovery may reveal that another entity has a legally protected interest related to the subject matter of this action; if such discovery reveals such a circumstance, however, that entity may intervene. PR Best is not a necessary party to this action.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss. Plaintiff's **section 605 and 553** claims against the remaining defendants may go forward.

**IT IS SO ORDERED.**